UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERT BERG, Individually and On Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>    v.<br><br>AKORN, INC., JOHN N. KAPOOR, KENNETH S. ABRAMOWITZ, ADRIENNE L. GRAVES, RONALD M. JOHNSON, STEVEN J. MEYER, TERRY A. RAPPUHN, BRIAN TAMBI, ALAN WEINSTEIN, RAJ RAI, FRESENIUS KABI AG, and QUERCUS ACQUISITION, INC.,<br><br>        Defendants. | 3:17-cv-00350-BAJ-RLB |
| JORGE ALCAREZ, Individually and On Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>    v.<br><br>AKORN, INC., KENNETH S. ABRAMOWITZ, ADRIENNE L. GRAVES, RONALD M. JOHNSON, JOHN N. KAPOOR, STEVEN J. MEYER, TERRY A. RAPPUHN, BRIAN TAMBI, and ALAN WEINSTEIN,<br><br>        Defendants. | 3:17-cv-00359-BAJ-RLB |

{N3430043.1}

| | |
|---|---|
| SHAUN A. HOUSE, Individually and On Behalf of All Others Similarly Situated,<br><br>         Plaintiff,<br><br>    v.<br><br>AKORN, INC., JOHN N. KAPOOR, KENNETH S. ABRAMOWITZ, ADRIENNE L. GRAVES, RONALD M. JOHNSON, STEVEN J. MEYER, TERRY A. RAPPUHN, BRIAN TAMBI, and ALAN WEINSTEIN,<br><br>         Defendants. | 3:17-cv-00367-BAJ-EWD |
| SEAN HARRIS, Individually and On Behalf of All Others Similarly Situated,<br><br>         Plaintiff,<br><br>    v.<br><br>AKORN, INC., JOHN N. KAPOOR, RONALD M. JOHNSON, STEVEN J. MEYER, BRIAN TAMBI, ALAN WEINSTEIN, KENNETH S. ABRAMOWITZ, ADRIENNE L. GRAVES, and TERRY A. RAPPUHN,<br><br>         Defendants. | 3:17-cv-00373-JWD-RLB |

**MEMORANDUM IN SUPPORT OF AKORN DEFENDANTS'
EXPEDITED MOTION FOR CHANGE OF VENUE
PURSUANT TO 28 U.S.C. § 1404(a)**

    Defendants Adrienne L. Graves, Alan Weinstein, Brian Tambi, John N. Kapoor, Kenneth S. Abramowitz, Raj Rai, Ronald M. Johnson, Steven J. Meyer and Terry A. Rappuhn ("Akorn Individual Defendants"), and Akorn Inc. ("Akorn", and together, with the Akorn Individual Defendants, the "Akorn Defendants"), submit this Memorandum of facts and law in support of their Motion for Change of Venue Pursuant to 28 U.S.C. § 1404(a). The Akorn Defendants will respectfully show this Court that said

{N3430043.1}

2

motion should be granted, and an order transferring the four above-captioned actions (the "Louisiana Actions") to the United States District Court for the Northern District of Illinois should issue.[1]

## PRELIMINARY STATEMENT

There are now seven pending civil actions concerning the proposed merger of Akorn and a subsidiary of Fresenius Kabi AG ("Fresenius"). Two of these actions assert state law claims and are pending in the Circuit Court of Cook County, Illinois. Five actions asserting federal securities law claims challenging the proxy statement disclosures relating to the proposed merger have been filed: the above-captioned four in the Middle District of Louisiana and one in the Northern District of Illinois. All five of the federal complaints are substantially similar to one another, and all of them should be litigated in a single venue. It would be inconvenient for Defendants and other witnesses, and a wasteful and unnecessary expenditure of judicial resources, to litigate these similar federal claims in two venues.

The Northern District of Illinois is by far the most convenient forum for the parties and witnesses. That District, and not this one, is where both Akorn and Fresenius have their corporate headquarters, where Akorn senior management prepared the Preliminary Proxy Statement at issue, where relevant evidence is located and where four of the Individual Defendants reside. The sole connection the Louisiana Actions have to this District is that Akorn and a Fresenius subsidiary formed solely to complete

---

[1] Defendants Akorn, Graves, Tambi, Kapoor, Abramowitz, Johnson, Meyer, Weinstein and Rappuhn are defendants in all Louisiana Actions. Defendants Rai, Fresenius Kabi AG and Quercus Acquisition, Inc. are defendants in the *Berg* action.

the merger are incorporated in Louisiana. Otherwise, none of the parties, witnesses or evidence in the Louisiana Actions is located in or has any connection to Louisiana.

Pursuant to 28 U.S.C. § 1404(a) and "[f]or the convenience of parties and witnesses, in the interest of justice", the Louisiana Actions should be transferred to the Northern District of Illinois.

## BACKGROUND

Defendant Akorn is a specialty generic pharmaceutical company founded and for historical reasons incorporated in Louisiana. (Ex. E[2], at 1; Decl.[3] ¶ 3.) Since 1997, Akorn's headquarters have been in Illinois, and for many years they have been located in Lake Forest, Illinois, near Chicago, in the Northern District of Illinois. (Ex. E, at 1; Decl. ¶ 3.) Akorn also maintains corporate offices outside of Illinois, but it has no offices, manufacturing facilities, R&D facilities, distribution centers or personnel in Louisiana. (Decl. ¶ 4.)

The Akorn Individual Defendants include the eight members of Akorn's Board of Directors (the "Akorn Directors") and Akorn's CEO, Raj Rai. None of the Akorn Individual Defendants reside in Louisiana; four of them (including Rai) reside in the Northern District of Illinois. (Decl. ¶ 7.)

Fresenius is a German stock corporation, with U.S. headquarters in Lake Zurich, Illinois. (Ex. E, at 1; Decl. ¶ 9.) Quercus Acquisition, Inc. ("Quercus") is a Louisiana corporation and a wholly owned subsidiary of Fresenius formed solely to

---

[2] "Ex." refers to Exhibits to the Declaration of Alexander N. Breckinridge, V In Support of Akorn Defendants' Expedited Motion For Change of Venue Pursuant To 28 U.S.C. § 1404(a), dated June 15, 2017.

[3] "Decl." refers to the Declaration of Joseph Bonaccorsi, dated June 15, 2017.

{N3430043.1}
4

complete the merger. (Decl. ¶ 11.) Upon the consummation of the merger, Quercus will cease to exist. (Ex. E, at 2; Decl. ¶ 11.) Quercus's principal executive office is located in Lake Zurich, Illinois. (Decl. ¶ 11.)

Plaintiffs Berg, Alcarez, House and Harris are purported holders of Akorn stock. (*Berg* Compl. ¶ 8; *Alcarez* Compl. ¶ 11; *House* Compl. ¶ 11; *Harris* Compl. ¶ 9.) Their Complaints do not allege that any of them resides in this District.

Akorn and Fresenius entered into a merger agreement, dated April 24, 2017, pursuant to which Quercus would be merged with and into Akorn and Akorn will become a subsidiary of Fresenius (the "Proposed Merger"). (Ex. E, at 2.) Following the announcement of the Proposed Merger, on May 2, 2017 and May 16, 2017, two lawsuits alleging state law claims were commenced in the Circuit Court of Cook County, Illinois. *Shannon v. Fresenius, et al.*, No. 2017-CH-06322; *Ochoa v. Kapoor, et al.*, No. 2017-CH-06928. The *Shannon* and *Ochoa* actions both allege that the Akorn Directors breached their fiduciary duties by agreeing to enter into the merger agreement. (Exs. B & C.)

In connection with the Proposed Merger, on May 22, 2017, Akorn filed a Preliminary Proxy Statement with the SEC. Subsequently, five purported shareholders of Akorn commenced substantially similar actions alleging that the Preliminary Proxy Statement omits material information concerning the Proposed Merger in violation of provisions of the Securities Exchange Act of 1934. Four of them—the above-captioned actions that are the subject of this Motion—were filed in this Court:

- *Robert Berg v. Akorn, Inc., et al.*, Case No. 3:17-cv-00350-BAJ-RLB (the "Berg Action"), filed June 2, 2017;

{N3430043.1}

- *Jose Alcarez v. Akorn Inc., et al.*, Case No. 3:17-cv-00359-BAJ-RLB (the "Alcarez Action"), filed June 7, 2017;

- *Shaun A. House v. Akorn, Inc., et al.*, Case No. 3:17-cv-00367-BAJ-EWD (the "House Action"), filed June 12, 2017; and

- *Sean Harris v. Akorn, Inc., et al.*, Case No. 3:17-cv-00373-JWD-RLB (the "Harris Action", and together with the Berg Action, Alcarez Action and the House Action, the "Louisiana Actions"), filed June 14, 2017.

On June 13, 2017, a purported shareholder of Akorn filed an action in the United States District Court for the Northern District of Illinois, captioned *Robert Carlyle v. Akorn, Inc., et al.*, Case No. 1:17-cv-04455 (the "Illinois Action"). The Illinois Action and all the Louisiana Actions allege that Akorn and the Akorn Directors violated Section 14(a) of the Securities Exchange Act and that they violated Section 20(a) of that Act. All five actions seek, among other things, to enjoin the Proposed Merger or damages.

The Complaints in the Louisiana Actions concern the Preliminary Proxy Statement filed by Akorn on May 22, 2017. On June 15, 2017, Akorn filed a Definitive Proxy Statement with the SEC. The Definitive Proxy Statement announced a special meeting of shareholders to vote on the Proposed Merger on July 19, 2017 in Lake Forest, Illinois. (Ex. E, at 1.)

## ARGUMENT

**I. The Venue of the Louisiana Actions Should Be Changed to the Northern District of Illinois.**

A district court should exercise its "broad discretion" to change the venue of an action for the convenience of parties and witnesses. *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998) (per curiam). A defendant seeking to change venue need not demonstrate the "heavy burden traditionally imposed upon defendants by the *forum non conveniens* doctrine". *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314 (5th Cir. 2008) (en banc) (emphasis omitted). Rather, 28 U.S.C. § 1404(a) "requires only that the transfer be '[f]or the convenience of the parties, in the interest of justice.'" *Id.* (alteration in original). Provided the action a party seeks to transfer could have been brought in the proposed district, change of venue is proper upon a showing of "good cause" after a weighing of private and public interest factors. *Vivint Louisiana, LLC v. City of Shreveport*, 14-00617-BAJ-RLB, 2015 WL 1456216, at *3 (M.D. La. Mar. 23, 2015). Here, those factors weigh in favor of changing venue to the Northern District of Illinois.

**A. The Louisiana Actions "Might Have Been Brought" in the Northern District of Illinois.**

"The preliminary question under § 1404(a) is whether a civil action 'might have been brought' in the destination venue." *Burton v. Travelers Ins. Co.*, No. 16-00417-BAJ-EWD, 2017 WL 390585, at *3 (M.D. La. Jan. 27, 2017) (quoting *In re Volkswagen of Am., Inc.*, 545 F.3d at 304). There can be no dispute that the Louisiana Actions could properly have been brought in the Northern District of Illinois:

- The U.S. District Court for the Northern District of Illinois has subject matter jurisdiction to hear the federal securities claims alleged in each of the Louisiana Actions. 15 U.S.C. § 78aa; 28 U.S.C. § 1331.

- Akorn has its corporate headquarters in Illinois. Accordingly, it will be subject to personal jurisdiction there. *See Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014) ("With respect to a corporation, the place of incorporation and principal place of business are 'paradig[m] . . . bases for general jurisdiction'." (alterations in original) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). Further, four of the Akorn Individual Defendants reside in Illinois, and all of the Akorn Individual Defendants acknowledge that they are subject to personal jurisdiction in Illinois with respect to this litigation.
- For similar reasons, venue would be proper in the Northern District of Illinois. *See* 28 U.S.C. § 1391(b)(2), (b)(3), (d).

### B. The Private Interest Factors Favor Change of Venue.

In evaluating whether transfer would advance convenience of the parties and witnesses, the Court must consider "private interest factors", which are "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen of Am.*, 545 F.3d at 315. Here, all of these factors weigh in favor of a change of venue.

*First*, the sources of proof are located in the Northern District of Illinois, not in this District. (Decl. ¶ 13.) Most potential witnesses, including Akorn senior management and four of the eight Akorn Individual Defendants, reside or work in the Northern District of Illinois. (Decl. ¶ 7.) *See In re Volkswagen of Am.*, 545 F.3d at 316.

Moreover, much of the relevant documentary evidence is located in or readily accessible from Akorn's and Fresenius's U.S. headquarters in Illinois. *See Evolutionary Intelligence, LLC v. Apple, Inc.*, No. 6:12-cv-00783, 2013 WL 8360309, at *4 (E.D. Tex. Aug. 27, 2013) ("Presumably the bulk of discovery material relating to a corporate party is located at the corporate headquarters."); *In re Volkswagen of Am.*, 545 F.3d at 316 ("All of the documents and physical evidence . . . are located in [transferee district] . . . . which weigh[s] in favor of transfer"). By contrast, there are no sources of proof located or easily accessible in this District. Not a single potential witness resides in this District, nor is any of the documentary or physical evidence located here.

The actions "giving rise to [this] litigation" occurred in the Northern District of Illinois. *See Who Dat?, Inc. v. NFL Props., LLC*, No. 10-154-BAJ-CN, 2010 WL 3023522, at *3 (M.D. La. July 30, 2010). The Louisiana Actions concern purported omissions from the Preliminary Proxy Statement, which Akorn senior management participated in preparing at its Illinois headquarters. The Preliminary Proxy Statement was not drafted, considered or approved in this District. (Decl. ¶ 12.)

The mere fact that Akorn and Quercus are incorporated in Louisiana will not make it more convenient for any party to litigate in this District, and that fact is therefore entitled to little weight. *See In re Link_A_Media Devices Corp.*, 662 F.3d 1221, 1223-24 (Fed. Cir. 2011) (holding that a district court's "heavy reliance" on a party's place of incorporation was "inappropriate" and that it is "certainly not a dispositive fact in the venue transfer analysis"); *see also Koster v. (Am.) Lumbermans Mut. Cas. Co.*, 330 U.S. 518, 527-28 (1947) ("Under modern conditions corporations often obtain their charters from states where they do no more than maintain an agent to comply with local

requirements, while every other activity is conducted far from the chartering state. Place of corporate domicile in such circumstances might be entitled to little consideration under the doctrine of *forum non conveniens*, which resists formalization and looks to the realities that make for doing justice.").

As the "overwhelming majority" of the events cited as "giving rise to litigation" and the "majority" of witnesses and evidence are located in the Northern District of Illinois, the first factor weighs strongly in favor of transfer. *Who Dat?, Inc.*, 2010 WL 3023522, at *3.

*Second*, it is doubtful this Court could use compulsory process to secure the attendance of potential non-party witnesses at trial. *See* Fed R. Civ. P. 45(c)(1). None of the the Akorn employees involved in negotiating or approving the Proposed Merger or in preparing the proxy statement at issue resides or works in Louisiana or within 100 miles of this District. (Decl. ¶¶ 6-7, 12.) And Fresenius does not list any Louisiana locations on its website. (Decl. ¶¶ 9-10.) On the other hand, potential witnesses reside or work in the Northern District of Illinois, and that court will have the power to compel their attendance at trial.

*Third*, even if this Court could secure the attendance of witnesses or if witnesses attended voluntarily, the cost of their attendance in this District will be significantly higher than in the Northern District of Illinois. This Court may take judicial notice of the fact that the Everett M. Dirksen United States Courthouse (serving the Northern District of Illinois, Eastern Division) is only 35 miles from Akorn's headquarters, but this Court is approximately 945 miles away. *See In re Volkswagen of Am.*, 545 F.3d at 317 ("When the distance between an existing venue for trial of a matter

and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled.").

*Fourth*, in light of the parallel proceedings currently pending in the Northern District of Illinois and in the Illinois state court, transferring the Louisiana Actions to that District will make trial of the Louisiana Actions and Illinois Action more "easy, expeditious and inexpensive". *See In re Volkswagen of Am.*, 545 F.3d at 315. The claims asserted in the Illinois Action and the Louisiana Actions are all very similar to one another. All five federal actions allege violations of Sections 14(a) and 20 of the Securities Exchange Act. The gravamen of each federal Complaint is that the Preliminary Proxy Statement omits material information, rendering the Preliminary Proxy Statement false and misleading.[4] The Illinois Action alleges similar purportedly material omissions as the Louisiana Actions.[5] Further, the Louisiana Actions and the Illinois

---

[4] *Berg* Compl. ¶ 4 ("The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading"); *Alcarez* Compl. ¶ 6 ("the Proxy was materially false and/or misleading"); *House* Compl. ¶ 58 ("The preparation of a proxy statement by corporate insiders containing materially false or misleading statements or omitting a material fact constitutes negligence"); *Harris* Compl. ¶ 3 ("the Board authorized the filing of a materially incomplete and false and/or misleading Preliminary Proxy Statement"); *Carlyle* Compl., Ex. D ¶ 5 ("Defendants filed, or caused to be filed, with the U.S. Securities and Exchange Commission (the 'SEC'), a materially false and misleading preliminary proxy statement").

[5] *See, e.g., Berg* Compl. ¶ 54 ("the Proxy Statement fails to disclose . . . a reconciliation of all non-GAAP to GAAP metrics"); *Alcarez* Compl. ¶ 47 ("the Proxy fails to provide line item metrics used to calculate the non-GAAP measures of EBITDA and Unlevered Free Cash Flows, or otherwise reconcile the non-GAAP projections to GAAP"); *House* Compl. ¶ 36 ("the Proxy provides projections for non-GAAP (generally accepted accounting principles) metrics, including EBITDA and unlevered free cash flow, but fails to provide line item projections for the metrics used to calculate these non-GAAP measures or otherwise reconcile the non-GAAP projections to the most comparable GAAP measures"); *Harris* Compl. ¶ 28 ("The Proxy fails to provide material information concerning [Akorn's] financial projections. Specifically, the Proxy discloses

{N3430043.1}

11

Action seek similar relief, including an injunction enjoining the shareholder vote necessary to approve the proposed merger. (*Berg* Compl. at 17; *Alcarez* Compl. at 17; *House* Compl. at 20; *Harris* Compl. at 20; *Carlyle* Compl. Ex. D at 21.) It will waste judicial and party resources and needlessly risk inconsistent rulings if similar federal claims concerning the same disclosure and merger were tried in two different federal venues. Further, because the evidence and witnesses in the Louisiana Actions will substantially overlap with the merger-related litigation pending in Illinois state court, it will be even more inconvenient and costly for parties and witnesses to have to litigate closely-related claims in a federal forum far away from Illinois.[6]

Because "[n]one of the witnesses are situated in the Middle District, nor did the events, acts, or omissions relevant to the case occur in the Middle District", the "private factors weigh heavily in favor of transferring the case". *Burton*, 2017 WL 390585, at *4.

### C. The Public Interest Factors Favor Change of Venue.

To determine that transfer would be "in the interest of justice", the Court must consider "public interest factors": "(1) the administrative difficulties flowing from

---

projected non-GAAP (generally accepted accounting principles) financial metrics, such as EBITDA and unlevered free cash flows, but fails to provide line item projections for the metrics used to calculate these non-GAAP measures or otherwise reconcile the non-GAAP projections to the most comparable GAAP measures."); *Carlyle* Compl., Ex. D ¶ 51 ("the Proxy fails to provide a reconciliation of all non-GAAP to GAAP metrics for fiscal years 2017 through 2026"). However, an issuer need provide GAAP reconciliations for forward-looking information, such as the projections included in the Proxy Statements, only "to the extent available without unreasonable efforts". *See, e.g.*, 17 C.F.R. § 244.100(a)(2).

[6] Akorn adopted a by-law providing that the sole and exclusive forum for certain legal actions involving the Company, including those alleging breach of fiduciary duty claims, shall be the Circuit Court of Cook County, Chancery Division. (Ex. A.)

{N3430043.1}

12

court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *In re Volkswagen of Am.*, 545 F.3d at 315 (alteration in original). These factors also weigh in favor of transfer or are neutral.

*First*, because there is no reason to believe that trying the Louisiana Actions would present administrative difficulties for the Northern District of Illinois, this factor is neutral. *Vivint Louisiana*, 2015 WL 1456216, at *4 n.2 (declining to "weigh in on this factor" where court had "no independent knowledge of the docket congestion" among the two possible venues and noting that "courts in this circuit have consistently held that when no party provides evidence to show that this factor should be heavily considered by the court prior to transferring the case to another district, this factor is neutral"). Indeed, because the existing Illinois Action is very similar to the Louisiana Actions, transferring the Louisiana Actions to the Northern District of Illinois will impose little, if any, incremental burden on the transferee court.

*Second*, the preference for having localized interests decided at home weighs in favor of transfer. The key events occurred in the Northern District of Illinois, and the parties to the merger and their senior employees are located there. The special shareholder meeting to vote on the proposed merger will also take place in the Northern District of Illinois. *See Who Dat?*, 2010 WL 3023522, at *3 (ordering transfer where action presented "more numerous and meaningful contacts" with transferee district, indicating that transferee district has greater interest). By contrast, Louisiana's interest is limited. Although Akorn is incorporated in Louisiana, the Louisiana Actions are

{N3430043.1}

13

purportedly brought on behalf of nationwide classes of Akorn shareholders and assert only federal law claims. The Louisiana Actions do not involve any disputes of local interest or any issues of Louisiana law.

*Third*, because the Actions all involve exclusively federal law claims, the third and fourth factors—familiarity of the forum with the relevant law and conflicts of laws concerns—are neutral.

The private and public interest factors weigh in favor of transfer.

## CONCLUSION

For all the foregoing reasons, the Akorn Defendants respectfully request that this Court transfer the Louisiana Actions to the Northern District of Illinois.

Respectfully submitted this 15th day of June, 2017.

        /s/ Alexander N. Breckinridge
        _____
Robert B. Bieck, Jr. (La. Bar #03 066)
Alexander N. Breckinridge, V (La. Bar #36 155)
JONES WALKER LLP
201 St. Charles Avenue, Suite 5100
New Orleans, Louisiana 70170
T: (504) 582-8202
F: (504) 589-8202
E: rbieck@joneswalker.com

and

Robert H. Baron (New York Bar No. 1809615)
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, New York 10019
T: (212) 474-1000
F: (212) 474-3700
E: rbaron@cravath.com
(*Pro Hac Vice* pending)

> *Attorneys for Defendants Adrienne L. Graves, Alan Weinstein, Brian Tambi, John N. Kapoor, Kenneth S. Abramowitz, Raj Rai, Ronald M. Johnson, Steven J. Meyer, Terry A. Rappuhn and Akorn, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2017, I electronically filed the foregoing via the CM/ECF system which will automatically send e-mail notification of such filing upon all parties to this matter.

/s/ Alexander N. Breckinridge
_____
Alexander N. Breckinridge