UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERT BERG, Individually and On Behalf of All Others Similarly Situated,<br><br>       Plaintiff,<br><br>       VS.<br><br>AKORN, INC., JOHN N. KAPOOR, KENNETH S. ABRAMOWITZ, ADRIENNE L. GRAVES, RONALD M. JOHNSON, STEVEN J. MEYER, TERRY A. RAPPUHN, BRIAN TAMBI, ALAN WEINSTEIN, RAJ RAI, FRESENIUS KABI AG, and QUERCUS ACQUISITION, INC.<br><br>       Defendants. | Civil Action No. 3:17-cv-00350-BAJ-RLB<br><br>Consolidated with<br>3:17-cv-00359-BAJ-RLB<br>3:17-cv-00367-BAJ-EWD<br>3:17-cv-00373-BAJ-RLB<br>3:17-cv-00389-BAJ-RLB<br>3:17-cv-00395-BAJ-RLB<br><br><u>CLASS ACTION</u> |
| This Document Relates To:<br>ALL ACTIONS | |

**<u>REPLY MEMORANDUM IN FURTHER SUPPORT OF AKORN DEFENDANTS'
EXPEDITED MOTION FOR CHANGE OF VENUE
PURSUANT TO 28 U.S.C. § 1404(a)</u>**

    Defendants Adrienne L. Graves, Alan Weinstein, Brian Tambi, John N. Kapoor, Kenneth S. Abramowitz, Raj Rai, Ronald M. Johnson, Steven J. Meyer and Terry A. Rappuhn ("Akorn Individual Defendants"), and Akorn Inc. ("Akorn", and together, with the Akorn Individual Defendants, the "Akorn Defendants"), respectfully submit this Reply Memorandum in further support of their Expedited Motion for Change of Venue Pursuant to 28 U.S.C. § 1404(a) (the "Motion").

**ARGUMENT**

    Plaintiffs' Opposition Memorandum does not dispute that the Northern District of Illinois is where relevant evidence, the parties and potential witnesses are located. And Plaintiffs

do not assert that *any* evidence or even that any of the Plaintiffs are located in this District. Instead, Plaintiffs offer several arguments against changing venue but none have merit.

Plaintiffs' central argument is that changing venue would unduly delay resolution of their motion for a preliminary injunction. (Omnibus Mem. of Law In Opposition to Defs. Expedited Motions for Change of Venue, dated June 30, 2017 ("Mem.") at 1, 5, 8.) Plaintiffs' purported concern about delay rings hollow, because the time crunch here is entirely of their own making. The Preliminary Proxy Statement regarding the Proposed Merger was filed on May 22, 2017. The first of the consolidated federal actions concerning the Proposed Merger was filed 11 days later, on June 2, 2017. Yet, Plaintiffs did not seek any discovery, expedition or preliminary injunctive relief until June 26, 2017—24 days after they filed suit and more than a month after the public filing of the Preliminary Proxy, which reflected every alleged omission on which Plaintiffs base their motion for a preliminary injunction.

Moreover, Plaintiffs' protest that a change of venue, though plainly warranted under § 1404(a), would cause delay cannot be reconciled with their own sluggish response to the instant Motion, which the Akorn Defendants filed on June 15, 2016. Though Defendants requested expedited consideration of the Motion, Plaintiffs waited *more than two weeks* to file their opposition to it—and did so only when this Court ordered them to. It is disingenuous for Plaintiffs to ask this Court to ignore their own inexplicable delay, and pretend that a change of venue would deny them the preliminary injunction they finally requested just a few days ago.

Transferring the cases now would cause little incremental delay, especially when considered in the context of the many weeks that have passed while Plaintiffs sat on their hands. *In re Radmax, Ltd.*, 720 F.3d 285, 289 (5th Cir. 2013) ("garden-variety delay associated with transfer is not to be taken into consideration when ruling on a § 1404(a) motion"). Transfer can

be accomplished expeditiously and will not preclude judicial consideration of Plaintiffs' motion, which will be fully briefed by July 5th.[1]

Plaintiffs' contention that this District's median time from filing *to trial* is five months less than the median time in the Northern District of Illinois is similarly disingenuous. (Mem. 9.) Plaintiffs themselves acknowledge that these cases are very unlikely to go to trial. (Mem. 6 ("**if** this case were to go to trial . . . [a very] big 'if[ ]'") (emphasis in original.)  In any event, though the Northern District of Illinois may have a heavier caseload than this Court, it has 20 active district judges who may be called upon to consider and rule upon Plaintiffs' motion for preliminary injunction expeditiously.  *See* Judge Information, U.S. Dist. Court, N.D. Ill., at http://www.ilnd.uscourts.gov /Judges.aspx?eFRCR82Cx5Y= (noting emergency judges on duty); (*see also* Mem. 9 n.9.)  Plaintiffs can readily obtain a hearing of their Motion in the Northern District of Illinois, where under the Local Rules a party makes a motion by filing it and a notice of presentment that sets a motion hearing as early as the second business day after filing.  *See* N.D. Ill. L.R. 5.3; 78.1.[2]  Thus, Plaintiffs will be able to request expedited relief within a few days of the case being transferred and by that time their motion will be fully briefed.

Plaintiffs offer no substantive response to the merits of the Akorn Defendants' arguments for change of venue.  Plaintiffs cannot and do not seriously dispute that the sole connection between the Actions and this District is that Akorn and Quercus Acquisition, Inc. are incorporated here.  Otherwise, no event relevant to these Actions occurred in this District, and no

---

[1] For example, in a recent case transferred by this Court to the Western District of Louisiana, the Clerk of this Court effected an electronic transfer of the case docket on the same day this Court issued its transfer order. Extraction Log of a Case Transferred to Western District of Louisiana (Dkt. No. 18), *Vivint Louisiana LLC v. City of Shreveport, et al.*, No. 3:14-cv-00617 (M.D. La. Mar. 23, 2015).  Within two days, the Western District of Louisiana had acknowledged receipt of the transferred case.  Return on Electronic Transfer (Dkt. No. 19), *Vivint Louisiana*, No. 3:14-cv-00617 (Mar. 25, 2015).

[2] At the presentment hearing, the Judge may set a schedule for further briefing, continue the motion hearing to a later date or decide the motion.  N.D. Ill. L.R. 78.1

witness or evidence relevant to them may be found in this District. Rather, each of Akorn, Fresenius and Quercus has its headquarters (in Fresenius's case, its U.S. headquarters) in the Northern District of Illinois, not in this District. (Opening Mem. 2.) Plaintiffs do not suggest that this District is more convenient or that any Plaintiff resides here; instead, they appear to contend that the *inconvenience* of litigating in this District can be overcome using electronically produced documents and "perpetuation depositions".[3] (Mem. 6-7.) Despite Plaintiffs' attempts to dodge the relevant considerations, the law is clear that "the venue transfer analysis is concerned with convenience". *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 316 (5th Cir. 2008). That technological advances in copying technology "present[ ] a lesser inconvenience now than it [otherwise] might" is not a consideration that alters the transfer analysis. *Id.* at 316; *see also Network Prot. Scis., LLC v. Juniper Networks, Inc.*, No. 2:10-CV-224-JRG, 2012 WL 194382, at *3 (E.D. Tex. Jan. 23, 2012) ("Despite technological advances in transportation of electronic documents, physical accessibility to sources of proof continues to be an important private interest factor.") Illinois is where Akorn's senior management prepared the Proxy Statement challenged by Plaintiffs and where relevant evidence is located.[4] The "private interest" factors therefore overwhelmingly favor change of venue to the Northern District of Illinois. *See In re Volkswagen*

---

[3] Plaintiffs' assertion that Defendants did not identify third-party witnesses whose attendance could not be secured in this District (Mem. 6) is irrelevant. Whether witnesses attend voluntarily or could be compelled to attend by court order, all the key Akorn witnesses would be required to travel nearly 1000 miles to this District, entailing substantial inconvenience and expense. *See In re Radmax, Ltd.*, 720 at 289 (explaining the Fifth Circuit "did not imply, however, that a transfer *within* 100 miles does not impose costs on witnesses or that such costs should not be factored into the venue-transfer analysis, but only that this factor has greater significance when the distance is greater than 100 miles" (emphasis in original)); (Opening Mem. 9).

[4] Plaintiffs' assertion that the location of the authors and sources of proof is "irrelevant" to the Proxy Statement's legal sufficiency (Mem. 5) is beside the point. Defendants do not argue that the location of the Proxy's authors or sources of proof are relevant to Plaintiffs' *claims* but rather that the location of evidence and potential witnesses are relevant to the § 1404 analysis, which is all about *convenience* to parties and witnesses. *See In re Volkswagen of Am., Inc.*, 545 F.3d at 316.

*of Am.*, 545 F.3d at 315-16; *Burton v. Travelers Ins. Co.*, No. 16-00417, 2017 WL 390585, at *3 (M.D. La. Jan. 27, 2017); (Opening Mem. 7-11).

Plaintiffs' assertion that change of venue motions are to be denied if a case is brought in a corporation's state of incorporation (Mem. 7) is unsupported by citation of any legal authority. To the contrary, the weight Plaintiffs seek to assign to a party's incorporation is "inappropriate". (Opening Mem. 8 (quoting *See In re Link_A_Media Devices Corp.*, 662 F.3d 1221,1223-24 (Fed. Cir. 2011).) And while we do not dispute Plaintiffs' contention that Akorn chose to avail itself of Louisiana corporate law, state law has nothing to do with Plaintiffs' federal securities claims. (Mem. 7.) Louisiana's interest in this action is hardly greater than that of the Northern District of Illinois, where key events occurred and Akorn's senior officers and corporate headquarters are located. (Opening Mem. 11.)

Finally, there is no basis in the law for Plaintiffs' suggestion that the dismissal and refiling of the *Carlyle* action (previously pending in the Northern District of Illinois until it was voluntarily dismissed on June 20, 2017, and refiled here) somehow supports the choice of this far less convenient forum. (Mem. 1.) Plaintiffs have cited no case holding that venue should be changed pursuant to § 1404 only if similar actions are pending elsewhere, and we are aware of none. To the contrary, courts routinely change the venue of actions to a district where no similar litigation is pending. *See, e.g.*, *Who Dat?, Inc. v. NFL Properties, LLC*, No. CIV.A. 10-154-BAJ-CN, 2010 WL 3023522, at *1 (M.D. La. July 30, 2010). Plaintiffs' tactical dismissal does not change the conclusion that the Northern District of Illinois is by far the most convenient

forum for the parties and witnesses in the above-captioned actions.[5]  That is the proper focus of this inquiry.  *In re Volkswagen of Am.*, 545 F.3d at 315.

## CONCLUSION

For all the foregoing reasons and the reasons in the Akorn Defendants' Opening Memorandum, the Akorn Defendants respectfully request that this Court transfer the Actions to the Northern District of Illinois.

---

[5] That there are litigations pending in Illinois State court also favors transfer.  Plaintiffs are of course correct that the legal claims in the state actions and the actions in this Court are distinct, but that is a red herring.  (Mem. 7.)  Both the state actions and the federal actions involve the same Proposed Merger, evidence, witnesses and have common parties.  (*See* Opening Mem. 9-10.)  It should be beyond dispute that litigating all actions relating to the Proposed Merger in the same state—indeed, the same city—is more convenient than requiring Defendants and witnesses to travel to courts 1,000 miles away from one another.

Respectfully submitted this 1st day of July, 2017.

      */s/ Alexander N. Breckinridge, V*
Robert B. Bieck, Jr. (La. Bar #03 066)
Alexander N. Breckinridge, V (La. Bar #36 155)
JONES WALKER LLP
201 St. Charles Avenue, Suite 5100
New Orleans, Louisiana 70170
T: (504) 582-8202
F: (504) 589-8202
E: rbieck@joneswalker.com

and

Robert H. Baron (New York Bar No. 1809615)
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, New York 10019
T: (212) 474-1000
F: (212) 474-3700
E: rbaron@cravath.com

*Attorneys for Defendants Adrienne L. Graves, Alan Weinstein, Brian Tambi, John N. Kapoor, Kenneth S. Abramowitz, Raj Rai, Ronald M. Johnson, Steven J. Meyer, Terry A. Rappuhn and Akorn, Inc.*