# UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ROBERT BERG, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> AKORN, INC., JOHN N. KAPOOR, KENNETH S. ABRAMOWITZ, ADRIENNE L. GRAVES, RONALD M. JOHNSON, STEVEN J. MEYER, TERRY A. RAPPUHN, BRIAN TAMBI, ALAN WEINSTEIN, RAJ RAI, FRESENIUS KABI AG, and QUERCUS ACQUISITION, INC., <br><br> Defendants. | Case No. 1:17-cv-05016 <br><br> Hon. Thomas M. Durkin |

### STIPULATION AND [PROPOSED] ORDER CONCERNING PLAINTIFF'S VOLUNTARY DISMISSAL WITHOUT PREJUDICE
### AND PROCEEDINGS ON PLAINTIFF'S COUNSEL'S ANTICIPATED APPLICATION FOR ATTORNEYS' FEES AND EXPENSES

WHEREAS, on April 24, 2017, Akorn, Inc. ("Akorn") and Fresenius Kabi AG ("Fresenius Kabi") announced that they had entered into an Agreement and Plan of Merger (the "Merger Agreement"), dated as of April 24, 2017, among Akorn, Fresenius Kabi, Fresenius Kabi's indirect subsidiary Quercus Acquisition, Inc. ("Merger Sub" and, together with Fresenius Kabi AG, the "Fresenius Defendants"), and, solely for purposes of Article VIII thereof, Fresenius SE & Co. KGaA, pursuant to which shares of Akorn would be converted into the right to receive $34.00 in cash per share (the "Proposed Merger");

WHEREAS, on May 22, 2017, Akorn filed a preliminary proxy statement on Schedule 14A (the "Preliminary Proxy") with the SEC;

WHEREAS, on June 2, 2017, plaintiff Robert Berg filed a purported class action lawsuit in the United States District Court for the Middle District of Louisiana (the "Louisiana Court"), on behalf of himself and other public shareholders of Akorn, asserting claims under Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") against Akorn, Fresenius Kabi, Merger Sub, Raj Rai (Akorn's Chief Executive Officer), and Akorn directors John N. Kapoor, Kenneth S. Abramowitz, Adrienne L. Graves, Ronald M. Johnson, Steven J. Meyer, Terry A. Rappuhn, Brian Tambi and Alan Weinstein (the "Director Defendants") and challenging the disclosures made in the Preliminary Proxy, captioned *Berg v. Akorn, Inc., et al.*, No. 17-cv-00350-BAJ-RLB (the "Action" or "Berg Action");

WHEREAS, on June 7, 2017, plaintiff Jorge Alcarez filed a purported class action lawsuit in the Louisiana Court, on behalf of himself and other public shareholders of Akorn, asserting claims under Sections 14(a) and 20(a) of the 1934 Act against Akorn and the Director Defendants and challenging the disclosures made in the Preliminary Proxy, captioned *Alcarez v. Akorn, Inc., et al.*, No. 17-cv-359-BAJ-RLB (the "Alcarez Action");

WHEREAS, on June 12, 2017, plaintiff Shaun A. House filed a purported class action lawsuit in the Louisiana Court, on behalf of himself and other public shareholders of Akorn, asserting claims under Sections 14(a) and 20(a) of the 1934 Act against Akorn and the Director Defendants and challenging the disclosures made in the Preliminary Proxy, captioned *House v. Akorn, Inc., et al.*, No. 17-cv-00367-BAJ-EWD (the "House Action");

WHEREAS, on June 13, 2017, plaintiff Robert Carlyle filed a lawsuit in the United States District Court for the Northern District of Illinois, asserting claims under Sections 14(a) and 20(a) of the 1934 Act against Akorn and the Director Defendants and challenging the

disclosures made in the Preliminary Proxy, captioned *Carlyle v. Akorn, Inc., et al.*, No. 17-cv-04455;

WHEREAS, on June 14, 2017, plaintiff Sean Harris filed a purported class action lawsuit in the Louisiana Court, on behalf of himself and other public shareholders of Akorn, asserting claims under Sections 14(a) and 20(a) of the 1934 Act against Akorn and the Director Defendants and challenging the disclosures made in the Preliminary Proxy, captioned *Harris v. Akorn, Inc., et al.*, No. 17-cv-00373-BAJ-RLB (the "Harris Action");

WHEREAS, on June 15, 2017, Akorn filed a definitive proxy statement on Schedule 14A (the "Proxy") with the SEC, which set the Akorn shareholder vote on the Proposed Merger for July 19, 2017. Among other things, the Proxy (i) summarized the Merger Agreement, (ii) provided an account of the events leading up to the execution of the Merger Agreement, (iii) stated that the Akorn Board of Directors determined that the Proposed Merger was in the best interests of Akorn's shareholders and recommended the Proposed Merger and (iv) summarized the valuation analyses and fairness opinion by J.P. Morgan Securities LLC, the financial advisor to Akorn;

WHEREAS, on June 20, 2017, plaintiff Robert Carlyle voluntarily dismissed *Carlyle v. Akorn, Inc., et al.*, No. 17-cv-04455;

WHEREAS, on June 20, 2017, plaintiff Robert Carlyle filed a lawsuit in the Louisiana Court, asserting claims under Sections 14(a) and 20(a) of the 1934 Act against Akorn and the Director Defendants and challenging the disclosures made in the Proxy, captioned *Carlyle v. Akorn, Inc., et al.*, No. 17-cv-00389-BAJ-RLB (the "Carlyle Action");

WHEREAS, on June 22, 2017, plaintiff Demetrios Pullos filed a purported class action lawsuit in the Louisiana Court, on behalf of himself and other public shareholders of

Akorn, asserting claims under Sections 14(a) and 20(a) of the 1934 Act against Akorn and the Director Defendants and challenging the disclosures made in the Preliminary Proxy, captioned *Pullos v. Akorn, Inc., et al.*, No. 17-cv-00395-BAJ-RLB (the "Pullos Action");

WHEREAS, all defendants named in the Berg, Alcarez, House, Harris, Carlyle and Pullos Actions (collectively, "Defendants") filed or joined in motions pursuant to 28 U.S.C. § 1404(a) to change the venue of such Actions from the Louisiana Court to the United States District Court for the Northern District of Illinois;

WHEREAS, on June 26, 2017, plaintiff Carlyle filed a motion for a preliminary injunction and for expedited discovery in the Louisiana Court, which plaintiffs in the Berg, Alcarez, House, Harris and Pullos Actions joined;

WHEREAS, on June 30, 2017, the Louisiana Court entered an order consolidating the Berg, Alcarez, House, Harris, Carlyle and Pullos Actions (collectively, the "Akorn Section 14 Actions") for the limited purpose of resolving the issue of venue;

WHEREAS, on July 5, 2017, the Louisiana Court granted Defendants' Motions for Change of Venue pursuant to 28 U.S.C. § 1404(a), and transferred all of the Akorn Section 14A Actions to the United States District Court for the Northern District of Illinois;

WHEREAS, on July 10, 2017, Akorn filed a Form 8-K with the SEC, supplementing the disclosures in the Proxy with certain additional information relating to the Proposed Merger (the "Supplemental Disclosures");

WHEREAS, Plaintiff agrees that as a result of the filing of the Supplemental Disclosures, the disclosure claims relating to the Proposed Merger asserted in the Complaint in the Action have become moot;

4

WHEREAS counsel for Plaintiff has informed counsel for Defendants that each of the Akorn Section 14 Actions will be dismissed without prejudice as moot;

WHEREAS, all plaintiffs in the Akorn Section 14 Actions (collectively, "Plaintiffs") assert that the prosecution of those Actions caused Akorn to issue the Supplemental Disclosures;

WHEREAS counsel for Plaintiffs has informed counsel for Defendants that Plaintiffs may assert a claim for attorneys' fees and expenses in connection with the common benefit provided to Akorn's shareholders as a result of the filing of the Supplemental Disclosures;

WHEREAS counsel for Plaintiffs has informed counsel for Defendants that Plaintiffs in the Akorn Section 14 Actions intend to petition this Court for such fees and expenses if their claim cannot be resolved through negotiations between counsel for Plaintiffs and Defendants;

WHEREAS, no negotiations whatsoever regarding Plaintiffs' claim for attorneys' fees and expenses have occurred to date; and

WHEREAS, Defendants reserve the right to oppose, in whole or in part, any claim by Plaintiffs for attorneys' fees and expenses relating to any of the Akorn Section 14 Actions;

**IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned attorneys for the respective parties:

1. The Berg Action is dismissed without prejudice, pursuant to Fed. R. Civ. P. 41(a)(1).

2. This Court retains jurisdiction of the Berg Action solely for purposes of any potential further proceedings related to the adjudication of any claim by Plaintiffs in the Akorn Section 14 Actions for attorneys' fees and/or expenses.

3. If the parties do not resolve Plaintiffs' claim for attorneys' fees and expenses, they may contact the Court regarding a schedule for briefing and hearing an application for an award of such fees and expenses.

4. This Stipulation is not intended to, and shall not, waive or prejudice any right or argument that may be asserted or presented by Plaintiffs or Defendants in support of or in opposition to any claim by any Plaintiff in the Akorn Section 14 Actions for attorneys' fees and expenses, including any defenses that the Fresenius Defendants may have based on lack of personal jurisdiction and lack of service of process.

Dated: July 14, 2017

*/s/ Christopher J. Kupka*
Christopher J. Kupka
**LEVI & KORSINSKY LLP**
30 Broad Street, 24th FL
New York, NY 10004
(212) 363-7500 x139
(212) 363-7171 facsimile
ckupka@zlk.com

***Counsel for Plaintiff Robert Berg***

| | |
|---|---|
| */s/ Anthony C. Porcelli*<br>Anthony C. Porcelli<br>**POLSINELLI PC**<br>150 N. Riverside Plaza, Suite 3000<br>Chicago, IL<br>312-819-1900<br>aporcelli@polsinelli.com<br><br>Robert H. Baron (*pro hac vice*)<br>**CRAVATH, SWAINE & MOORE LLP**<br>825 Eighth Avenue<br>New York, New York 10019<br>212-474-1000<br>rbaron@cravath.com<br><br>*Counsel for Defendants Adrienne L. Graves, Alan Weinstein, Brian Tambi, John N. Kapoor, Kenneth S. Abramowitz, Raj Rai, Ronald M. Johnson, Steven J. Meyer, Terry A. Rappuhn and Akorn, Inc.* | */s/ Nathan H. Lichtenstein*<br>Nathan H. Lichtenstein<br>Benjamin E. Haskin<br>**ARONBERG GOLDGEHN DAVIS & GARMISA**<br>330 North Wabash Avenue, Suite 1700<br>Chicago, Illinois 60611<br>(312) 828-9600<br>nlichtenstein@agdglaw.com<br><br>Jacob S. Pultman (*pro hac vice* forthcoming)<br>Bradley S. Pensyl (*pro hac vice* forthcoming)<br>**ALLEN & OVERY LLP**<br>1221 Avenue of the Americas<br>New York, New York 10020<br>T: (212) 610-6300<br>F: (212) 610-6399<br>E: jacob.pultman@allenovery.com<br><br>*Counsel for Defendants Fresenius Kabi AG, and Quercus Acquisition, Inc.* |

SO ORDERED THIS _____ day of _____, 2017

_____
United States District Judge