UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT BERG, On Behalf of Himself and All Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>AKORN, INC., JOHN N. KAPOOR, KENNETH S. ABRAMOWITZ, ADRIENNE L. GRAVES, RONALD M. JOHNSON, STEVEN J. MEYER, TERRY A. RAPPUHN, BRIAN TAMBI, ALAN WEINSTEIN, RAJ RAI, FRESENIUS KABI AG, and QUERCUS ACQUISITION, INC.<br><br>    Defendants. | Case No. 1:17-cv-05016<br><br><u>CLASS ACTION</u><br><br>Hon. Thomas M. Durkin |

## **THEODORE H. FRANK'S REPLY IN SUPPORT OF MOTION TO INTERVENE**

### INTRODUCTION

Plaintiffs' Memorandum of Law in Opposition to Theodore H. Frank's Motion to Intervene on Jurisdictional Grounds ("Opp.," Dkt. 78) misunderstands the purpose of Mr. Frank's motion to intervene.[1] Contrary to Plaintiffs' contention, Frank does not move as a shareholder against Akorn's management. Opp. at 2. Merger strike suits often succeed precisely because victim defendants find it cheaper, and therefore rational, to pay nuisance value attorneys' fees rather than contest them. However, this does not excuse Plaintiffs and the Settling Counsel from their racket, which misuses class action procedure to the detriment of its supposed beneficiaries—class members like Frank.

---

[1] The Opposition is styled on behalf of Plaintiff Robert Berg and is not joined by Defendants, but counsel for the other five Plaintiffs "have reviewed and approved this opposition." Opp. at 1 n.1. Note that all six "Plaintiffs . . . reached agreement with Defendants with respect to the Fee Claims," according to the September 15 Stipulation to close the case for all purposes. Dkt. 56 at 6. For convenience, this Reply will use "Plaintiffs" in reference to arguments advanced by the Opposition.

Frank's Reply in Supp. of Mot. to Intervene        1

Frank moves to intervene as a putative class member against Plaintiffs' self-serving fee award. He does this for the same reason he objected in *Walgreens*—to prevent Plaintiffs and Settling Counsel from profiting off of meritless strike suits, which are "no better than a racket" and "must end." *In re Walgreen Co. Stockholder Litig.*, 832 F.3d 718, 724 (7th Cir. 2016) ("*Walgreens*").

Plaintiffs' Opposition rests on two trivially false premises: (1) that the "litigation was terminated for all purposes" by the parties' July 14 Stipulation, Opp. at 2, and (2) that "the Court did not actually grant the Stipulation," *id.* at 9. In fact, the July 14 Stipulation expressly "retains jurisdiction of the Berg Action solely for purposes of any potential further proceedings related to the adjudication of any claim by Plaintiffs in the Akorn Section 14 Actions for attorneys' fees and/or expenses" (Dkt. 54), and the Court entered the Stipulation by minute order. Dkt. 55 ("Plaintiff's motion to dismiss [54] is granted."). Plaintiffs' case law fails to support their position because their factual premises are simply wrong. Plaintiffs did not dismiss the action for all purposes, much less was the suit "dismissed with prejudice." Opp. at 9 (quoting inapposite *Dupuy v. McEwen*, 495 F.3d 807, 808 (7th Cir. 2007)). Plaintiffs' chose to retain jurisdiction to ensure leverage for the extraction of attorneys' fees. The Court should reject Plaintiffs' self-serving pretension otherwise, which is contradicted by the plain language of the July 14 Stipulation—and Settling Counsel's tactics in other strike suits.

This Court should enter Frank's motion to intervene without delay, and should specifically reject Plaintiffs' request to file "subsequent briefing" regarding Article III standing. Opp. at 8 n.7. If Plaintiffs found their Article III argument "more to the point" than the jurisdictional argument presented (*id.* at 7), Plaintiffs should have briefed it rather than seek to stall with another round of briefing. In any event, Plaintiffs' argument appears to be based on the misunderstanding that Frank pleads a derivative action. Opp. at 2. To the contrary, Frank suffered an ascertainable injury from the strike suit and unless Plaintiffs and counsel are enjoined, he will continue to suffer similar injuries in other strike suits. Since Frank filed his motion to intervene, over 30 strike suits have been filed by Settling Counsel, including 6 new suits by Plaintiff Robert Berg, bringing Berg's total to 28 strike suits

filed since May.2 Plaintiff Berg and his counsel also continue to evade the anti-professional plaintiff provisions of the PSLRA, which generally restrict plaintiffs from bringing more than five securities class actions in a three-year period. *See* 15 U.S.C. § 78u-4(a)(3)(B)(vi).3 Plaintiff Berg has filed over five times as many suits in five months! This failure is not merely a technicality; the PSLRA was enacted in part because repeat plaintiffs like Berg "could be tempted to file suits designed to extract payoffs from the corporation even if the average investor will lose in the process." *Murray v. GMAC Mortg. Corp.*, 434 F.3d 948, 954 (7th Cir. 2006). These nuisance suits harm shareholders like Frank.

Finally, Plaintiffs do not dispute Frank's alternate basis for the Court requiring an accounting of attorneys' fees paid to Settling Counsel: that the Court has the inherent authority to prevent misconduct before it. Plaintiffs' and Settling Counsel's prolific cross-country racket "must end."

I. **Frank moves on the same jurisdiction that Plaintiffs retained and the court granted: adjudication of attorneys' fees.**

Plaintiffs bafflingly and repeatedly claim that the July 14 Stipulation dismissed the action for "all purposes." Opp. at 2, 5. Of course it did not: the parties expressly retained jurisdiction "for purposes of any potential further proceedings related to the adjudication of any claim by Plaintiffs in the Akorn Section 14 Actions for attorneys' fees and/or expenses." Dkt. 54 at 6. Plaintiffs sought to

---

2 *See Berg v. Terraform Global, Inc. et al.*, No. 17cv03044 (D. Md. Oct. 17, 2017); *Berg v. Exa Corporation et al.*, No. 17cv12034 (D. Mass. Oct. 17, 2017); *Berg v. Orbital ATK, Inc. et al.*, No. 17cv01169 (E.D. Va. Oct. 16, 2017); *Berg v. Starwood Waypoint Homes et al.*, No. 17cv02896 (D. Md. Sep. 29, 2017); *Berg v. Scripps Networks Interactive, Inc. et al.*, No. 17cv00848 (S.D. Ohio Sep. 27, 2017); *Berg v. Pharmerica Corporation et al.*, No. 17cv00582 (W.D. Ky. Sep. 20, 2017). For the previous 22 strike suits filed by Plaintiff Berg since May 16, 2017, *see* Dkt. 58-2, Bednarz Decl. ¶ 11.

3 In particular, Plaintiff Berg files deficient PSLRA disclosures, which fail to "identif[y] any other action under this chapter, filed during the 3-year period preceding the date on which the certification is signed by the plaintiff, in which the plaintiff has sought to serve as a representative party on behalf of a class." § 78u–4(a)(2)(A)(v). Berg instead avers that he has "not moved to serve" as a representative plaintiff. The PSLRA requires more. *See Greater Penn. Carpenters Pension Fund v. Whitehall Jewellers, Inc.*, No. 04-CV-1107, 2005 WL 1563206, at *4 (N.D. Ill. June 30, 2005) (finding defective plaintiff's averment that he "never filed a motion to become a lead plaintiff or class representative in any federal securities fraud class action in the past three years"); *In re OSI Pharm., Inc. Securities Litig.*, No. 04-cv-5505, 2005 WL 6171305, at *8 (E.D.N.Y. Sept. 21, 2005) ("It cannot be seriously argued that a party commencing a securities class action does not seek to serve as a 'representative party on behalf of a class.'").

use precisely this jurisdiction for entry of the September 15 Stipulation, which they now withdraw under their new theory that entry of the September 15 Stipulation would be a nullity. Opp. at 3 n.5.

Plaintiffs clearly intended to retain jurisdiction. Settling Counsel has exploited continuing jurisdiction in other cases where they filed post-dismissal fee motions, discussed below. Without the ability to inflict costs on the defendant, Settling Counsel could not obtain attorneys' fees. The threat of further motion practice was their leverage for fees. Having successfully extracted fees in the shadow of the Court's continuing jurisdiction, Plaintiffs cannot pretend that the jurisdiction does not exist.

Intervenor Frank moves to intervene under the very jurisdiction that Plaintiffs requested, and Plaintiffs cite no case for the proposition that a stipulated dismissal with retention of jurisdiction does not work exactly as Plaintiffs wanted it to. The cases cited by Plaintiffs concern *unconditional* dismissals and dismissal *with prejudice*, which were not entered in this case. Finally, the Court should reject Plaintiffs' argument that their Stipulation was not granted given that the Court entered an order succinctly stating "Plaintiff's motion to dismiss [54] is granted." Dkt. 55.

### A.   Plaintiffs intentionally retained jurisdiction because their leverage derives from the threat of further adjudication.

Plaintiffs now pretend that the September 15 Stipulation was merely filed due to "perhaps an overabundance of caution" and purports to withdraw it as null (Opp. at 3 n.5), but Settling Counsel's conduct in other cases confirm that jurisdiction was retained as an integral part of their racket, as discussed below. Strike suit filers stipulate continuing jurisdiction for fees because it is their hook to extract nuisance value from the defendant. One district recognized this in rejecting the retention of jurisdiction over a strike suit filed by counsel for Plaintiff Berg. *See Parshall v. Stonegate Mortg. Corp.*, No. 17-cv-0711, 2017 WL 3530851, at *1 (S.D. Ind. Aug. 11, 2017). The court rejected the "reservation of jurisdiction for the plaintiff to petition the court to resolve an attorney fee claim, should the parties be unable to negotiate a fee," because it serves "the mere purpose of giving the plaintiff leverage in his attempt to negotiate the payment of an attorneys' fee." *Id.* Plaintiffs requested that the court retain jurisdiction in this case for precisely this reason.

Frank's Reply in Supp. of Mot. to Intervene                4

No matter how meritless their fee request, strike suit plaintiffs employ motions as leverage to extract payment from defendants. Given the high hourly cost of defense counsel, even a patently frivolous fee motion (like one for "mootness fees," which do not exist in federal law) may cost defendant more to contest than to capitulate. Settling Counsel has used exactly such leverage in other strike suits.

For example, the firms representing Plaintiffs Berg, Alcarez, House, and Harris filed several suits regarding the acquisition of VCA, Inc. by Mars, Inc. *See Hight v. VCA Inc. et al.*, No. 17cv00289 (N.D. Cal. Feb. 15, 2017); *Moran v. VCA Inc. et al.*, No. 17cv01502 (C.D. Cal. Feb. 23, 2017); *Krieger v. VCA Inc. et al.*, No. 17cv01790 (C.D. Cal. Mar. 6, 2017). Plaintiffs agreed to conditionally dismiss these suits with a similar retention of jurisdiction as employed in this case: "This Court shall retain continuing jurisdiction over the Parties solely for purposes of adjudicating any claim by Plaintiff's counsel for an award of attorneys' fees and expenses." No. 17cv01790, Dkt. 20 at 4 (C.D. Cal. May 10, 2017). Apparently, defendants would not agree to pay attorneys' fees, so plaintiffs filed a motion for $500,000 in attorneys' fees. *Id.* at Dkt. 22 (C.D. Cal. Jun. 16, 2017). Before defendants' time to respond elapsed, parties reached a "collective agreement in principle" and withdrew their fee motion. *Id.* at Dkt. 23 (C.D. Cal. Jun. 30, 2017). In another example, law firms representing all six Plaintiffs except Berg filed five suits regarding Western Refining, Inc.'s acquisition by Tesoro Corp. These suits were consolidated as *In re: Western Refining, Inc. Stockholder Litigation*, No. 17cv00002 (W.D. Tex.). As here, the actions were conditionally dismissed and jurisdiction retained solely for adjudication of fees. *Id.* at Dkt. 12 (W.D. Tex. Mar. 6, 2017). Plaintiffs later filed a fee motion seeking $300,000 (*Id.* at Dkt. 14 (W.D. Tex. Apr. 19, 2017)), which was likewise withdrawn before resolution of the motion. *Id.* at Dkt. 18 (W.D. Tex. May 15, 2017).

Thus, it was no accident Plaintiffs retained jurisdiction but in fact, retention of jurisdiction is Settling Counsel's *modus operandi*. Settling Counsel have used and continue to use such motions to precipitate settlement. Plaintiffs' argument that post-stipulation filings are null is contrary to Settling Counsel's past activity and their entire business model.

B. **Plaintiffs' citations to cases without retention of jurisdiction have no bearing on this matter, where Plaintiffs purposefully retained jurisdiction over fees.**

Plaintiffs attempt to conflate matters by citing cases concerning unconditional dismissals, but none of this authority controls because the parties purposely *retained* jurisdiction. "Rule 41(a)(1)(A)(ii) . . . allows a district court to retain jurisdiction through an order, even if the parties dismiss the case through use of Rule 41(a)(1)(A)(ii), so long as the parties agree to the retention of jurisdiction." *Anago Fran., Inc. v. Shaz, LLC*, 677 F.3d 1272, 1280 (11th Cir. 2012). Thus, parties may file a dismissal under Rule 41(a)(1)(A)(ii) which requests that the court retain jurisdiction. "If the district court does not issue an order retaining jurisdiction, the stipulation would simply not become effective and the case would not be dismissed." *Id.* at n.4. Here, the Court granted the July 14 Stipulation, which expressly states the "Court retains jurisdiction . . . for . . . the adjudication of any claim . . . for attorneys' fees and/or expenses." Dkt. 54 at 6.

The purposeful retention of jurisdiction in this case makes it dissimilar from nearly all of Plaintiffs' citations, which involved unconditional dismissals without any retention of jurisdiction. *See Smith v. Potter*, 513 F.3d 781, 782 (7th Cir. 2008) (unconditional dismissal without retention of jurisdiction); *Commercial Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1076 (9th Cir. 1999) (same); *Hester Indus., Inc. v. Tyson Foods, Inc.*, 160 F.3d 911, 916 (2d Cir. 1998) (same, dismissed with prejudice); *Sitrick v. Freehand Sys., Inc.*, No. 02 C 1568, 2007 WL 2298362, at *1 (N.D. Ill. Aug. 3, 2007) (same, dismissed with prejudice); *Jou v. Kimberly-Clark Corp.*, No. 13-CV-03075-JSC, 2015 WL 4537533, at *2 (N.D. Cal. July 27, 2015) (same, dismissed with prejudice); *United States v. Ford*, 650 F.2d 1141, 1142 (9th Cir. 1981) (same, dismissed with prejudice); *Marex Titanic, Inc. v. Wrecked & Abandoned Vessel*, 2 F.3d 544, 547-48 (4th Cir. 1993) (same); *Homesite Ins. Co. of the Midwest v. Robards*, No. 13cv515, 2014 WL 359823, at *3 (E.D. Tenn. Feb. 3, 2014) (same, dismissed with prejudice); *Reagan v. Fox Navigation, LLC*, No. 02cv627, 2005 WL 2001177, at *1 (D. Conn. Aug. 17, 2005) (same); *GMAC Commercial Mortgage Corp. v. LaSalle Bank Nat. Ass'n*, 213 F.R.D. 150 (S.D.N.Y. 2003) (same); *Mut. Produce, Inc. v. Penn Cent. Transp. Co.*, 119 F.R.D. 619, 621 (D. Mass. 1988) (same); *Steiner v. Atochem, S.A.*, No. 89cv7990, 2002 WL 1870322, at *4 (S.D.N.Y. Aug. 13, 2002) (same, dismissed with prejudice); and *Roberts v. Carrier Corp.*, 117 F.R.D. 426, 429 (N.D. Ind. 1987) (dismissed "years ago" with not retention of jurisdiction noted).

Indeed, one of Plaintiffs' citations demonstrates that jurisdiction can be retained by a dismissal order. *See McCall-Bey v. Franzen*, 777 F.2d 1178, 1190 (7th Cir. 1985) ("An unconditional dismissal terminates federal jurisdiction . . . In this case, however, we have found that the district judge did deliberately retain jurisdiction").

Plaintiffs cites only three cases where the parties purported to retain jurisdiction which they actually lacked, and all of these involve dismissals *with prejudice*.[4] *See Dupuy v. McEwen*, 495 F.3d 807, 809 (7th Cir. 2007) ("when a suit is dismissed with prejudice, it is gone, and the district court cannot adjudicate disputes arising out of the settlement that led to the dismissal merely by stating that it is retaining jurisdiction."); *Lynch, Inc. v. SamataMason, Inc.*, 279 F.3d 487, 490 (7th Cir.2002) (jurisdiction may not be retained after dismissal with prejudice); *Balshe LLC v. Ross*, 441 Fed. Appx. 395, 396 (7th Cir. 2011) (same). While the Seventh Circuit does not allow jurisdiction to persist in a case dismissed *with prejudice*, and so will not permit parties to stipulate such jurisdiction, the parties here dismissed *without prejudice*. The Seventh Circuit has explicitly recognized that parties may agree to retain jurisdiction in cases dismissed *without* prejudice. *See Dupuy*, 495 F.3d at 810.

Plaintiffs' argue repeatedly that the parties' post-July 14 agreement on attorneys' fee cannot bestow this Court with jurisdiction, but this is a *non sequitur*. Frank agrees that parties can voluntarily retain jurisdiction "only where the court specifically 'embod[ies] the settlement contract in its dismissal order (or, what has the same effect, retain jurisdiction over the settlement contract) if the parties agree.'" Opp. at 8 (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 382 (1994)). Plaintiffs argue that the later attorneys' fee settlement could not have retained jurisdiction (Opp. at 9), but that's

---

[4] As for *North American Specialty Ins. Co. v. Abden Corp.*, No. 16cv04064, 2016 WL 6902108 (C.D. Ill. Nov. 23, 2016), the court there declined to retain jurisdiction because it had "no access to the terms of the purported settlement" so would "not retain jurisdiction to enforce a settlement agreement of which it is told nothing." *Id.* at *3. In the first place, *Abden Corp.* fundamentally differs from the present action, where the Court *already granted* dismissal with the retention of jurisdiction. Moreover, *Abden Corp.* acknowledges that a stipulated retention jurisdiction is often proper. The court spells out how the parties could successfully retain jurisdiction over their settlement agreement: by "stating the grounds on which the Court can maintain jurisdiction" and ensuring "that the terms of the agreement are submitted to the Court." *Id.* Parties here did this in filing their July 14 Stipulation for the purpose of retaining jurisdiction over the adjudication of attorneys' fees.

Frank's Reply in Supp. of Mot. to Intervene         7

beside the point. **The July 14 Stipulation *is the agreement* retaining jurisdiction.** Plaintiffs and Defendants signed the Stipulation, which the Court granted. Neither *Kokkonen* nor any other precedent require that a *fee* agreement be entered by the court in order to properly retain jurisdiction. The July 14 Stipulation was not a secret agreement, and was explicitly granted by the court. Plaintiffs' citations do not suggest jurisdiction becomes divested when it was publicly and expressly stipulated and ordered.

Finally, Plaintiffs' argument that "the Court did not actually grant the Stipulation, but instead simply dismissed the case," (Opp. at 9) is at best a disingenuous reading of the minute order, which literally says "Plaintiff's motion to dismiss [54] is granted." Dkt. 55. Had the Count intended to reject the retention of jurisdiction, it might have "granted in part" the stipulation and expressly denied the retention of jurisdiction. This did not occur.

II. **Frank has Article III standing, and Plaintiffs' attempt to reserve multiple oppositions to Frank's motion to intervene should not be permitted.**

Although Plaintiffs admit that Frank has an ascertainable *pro rata* injury of $3.07 from his ownership of Akorn stock (Opp. at 2 n.3), Plaintiffs contend in a footnote that he lacks Article III standing and reserves the right to file "subsequent briefing" on this issue. *Id.* at 8 n.7. Another round of briefing should not be allowed; the schedule already generously permits Plaintiffs a surreply in opposition to Frank's motion, and Plaintiffs have no reason for coyness except to stall resolution of Frank's motion in hopes that this Court will find disgorgement moot after the Akorn transaction closes in early 2018.

In any event, Plaintiffs' vaguely-drawn Article III argument appears baseless because it relies on a gross misreading of Intervenor Frank's complaint, which plainly does not recite a derivative action under Rule 23.1.[5] Frank does *not* contend that Akorn's management breached any responsibility to the corporation. Akorn's officers are blameless victims in this litigation, and they rationally acceded to Plaintiffs' meritless demands for payment of nuisance value fees.

---

[5] Because Frank does not assert a derivative claim, Plaintiffs have no basis to argue Frank seeks to "circumvent" Louisiana corporation law. Opp. at 2.

Frank's Reply in Supp. of Mot. to Intervene     8

Frank intervenes not as a shareholder on behalf of the corporation, but as a class member to this strike suit. Non-parties possess standing to the extent they suffer from a non-speculative injury-in-fact. *See Remijas v. Neiman Marcus Group, LLC*, 794 F.3d 688, 692 (7th Cir. 2015). Here, there is no speculation about Frank's injury. By design, the Plaintiffs succeeded in extracting fees from Akorn, which Frank is a shareholder of, depleting the capital reserves of a the entity Frank partially owns. This individual, ascertainable injury provides Frank independent jurisdiction over his claims.

Independently, to the extent Plaintiffs argue that Frank lacks injury due to his prediction that "all of Akorn's . . . qualified shareholders will receive the full merger consideration," Opp. at 2 n.3, this assertion remains speculative. The merger must receive approval from regulators in several countries. Until it does, Akorn and its shareholders are saddled with the full costs of the transaction, including the cost of Plaintiffs' racket. *See* Amended Memorandum of Law in Support of Motion to Intervene ("Memo"), Dkt. 66-2, 13 n.8. In any event, Plaintiffs provide no reason to suppose that Frank's acute ascertainable injury does not support Article III jurisdiction.

### III. Plaintiffs do not dispute the Court's inherent authority to sanction the parties and counsel before it.

Frank's motion alternatively requested that the Court move under its own inherent authority to "prevent 'circuity and enforce ethical conduct in litigation before it.'" Memo at 11 (quoting *Dale M. v. Bd. of Educ. of Bradley-Bourbonnais High Sch. Dist. No. 307*, 282 F.3d 984, 986 (7th Cir. 2002)). Plaintiffs do not argue against this alternate ground for the motion, nor can they. "[A]ll courts possess an inherent power to prevent unprofessional conduct by those attorneys who are practicing before them. This authority extends to *any* unprofessional conduct, including conduct that involves the exaction of illegal fees." *Id.* (quoting *Jackson v. United States*, 881 F.2d 707, 710 (9th Cir.1989)) (emphasis in original); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991) ("A primary aspect of [the court's inherent] discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process.").

*** 

In sum, Plaintiffs offer no reason that Frank's motion should be denied.

**CONCLUSION**

The Court should grant Frank's motion to intervene, which will allow him to file a motion for an accounting of attorneys' fees misappropriated by Settling Counsel, which he intends to file within three business days of intervention. Alternatively, the Court should move for such an accounting and disgorgement under its inherent authority to prevent misconduct before it, a course Plaintiffs do not contest in their Opposition.

Dated: October 27, 2017.                    /s/ M.Frank Bednarz
                                            M. Frank Bednarz, (ARDC No. 6299073)
                                            COMPETITIVE ENTERPRISE INSTITUTE
                                            CENTER FOR CLASS ACTION FAIRNESS
                                            1145 E. Hyde Park Blvd. Apt. 3A
                                            Chicago, IL 60615
                                            Phone: (202) 448-8742
                                            Email: frank.bednarz@cei.com

                                            *Attorneys for Theodore H. Frank*

**CERTIFICATE OF SERVICE**

The undersigned certifies he electronically filed the foregoing Reply in Support of Motion to Intervene via the ECF system for the Northern District of Illinois, thus effecting service on all attorneys registered for electronic filing.

Dated: October 27, 2017

/s/ M. Frank Bednarz