UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHAUN HOUSE, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>AKORN, INC., JOHN N. KAPOOR, KENNETH S. ABRAMOWITZ, ADRIENNE L. GRAVES, RONALD M. JOHNSON, STEVEN J. MEYER, TERRY A. RAPPUHN, BRIAN TAMBI, and ALAN WEINSTEIN,<br><br>Defendants. | Case No. 1:17-cv-05018<br><br>Hon. Thomas M. Durkin |

**MONTEVERDE & ASSOCIATES PC's BRIEF IN OPPOSITION TO THE IMPOSITION OF SANCTIONS[1]**

---

[1] This brief is being filed in *Berg v. Akorn, Inc., et al.*, No. 1:17-cv-05016 (N.D. Ill.) pursuant to the Court's June 21, 2024 order (Berg Dkt. 128).

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................................... 1

ARGUMENT ..................................................................................................................................... 2

I.   The PSLRA Prohibits any Further Sanction Beyond the Fee Disgorgement .......................... 2

    A.  The Presumption in Favor of an Award of Reasonable Attorneys' Fees and Costs to *Defendants* Being the *Sole* Sanction Applies ................................................................. 2

    B.  Frank Cannot be Awarded Reasonable Fees and Expenses Because he Cannot be Deemed "the Opposing Party" Under the PSLRA ............................................................ 5

II.  No Further Sanctions Against Monteverde Are Warranted ....................................................... 7

    A.  There is no Basis to Further Sanction Monteverde, Which Was not "Signing" Counsel ...... 7

    B.  The Additional Sanctions Frank Seeks are Unprecedented and Unwarranted ................. 8

       1.  Requiring all signing Plaintiffs' counsel and their firms to disclose and cite the finding, along with the *Alcarez* opinion, in any future lawsuits or demand letters concerning corporate merger transactions, including tender offers. ........................ 8

       2.  Requiring counsel to disclose retention agreements with the Plaintiffs. ................ 9

       3.  Requiring counsel to disclose all purported mootness fees extracted by them in similar suits and demand letters, which will allow courts, academics, and lawmakers to evaluate the scope of the problem. .................................................... 9

       4.  Imposing monetary penalties. ............................................................................... 10

CONCLUSION ................................................................................................................................ 10

**TABLE OF AUTHORITIES**

**CASES**                                                  **PAGE(S)**

*A. Hirsh, Inc. v. United States*,
   948 F.2d 1240 (Fed. Cir. 1991) .................................................................................... 5

*Alcarez v. Akorn, Inc.*,
   99 F.4th 368 (7th Cir. 2024) ........................................................................................ 6

*Boca Raton Firefighters' & Police Pension Fund v. Devry Inc.*,
   No. 10 C 7031, 2014 WL 1847833, 2014 U.S. Dist. LEXIS 63523 (N.D. Ill. May 8, 2014) .. 4

*Cartwright v. Cooney*,
   788 F. Supp. 2d 744 (N.D. Ill. 2011) ........................................................................... 2

*In re Cent. ICE CREAM Co.*,
   1986 WL 13635, 1986 U.S. Dist. LEXIS 17420 (N.D. Ill. Nov. 20, 1986) .............................. 9

*City of Livonia Employees' Ret. Sys. v. Boeing Co.*,
   306 F.R.D. 175 (N.D. Ill. 2014) ................................................................................... 3

*CMG Worldwide, Inc. v. Glaser*,
   92 F. Supp. 3d 839 (S.D. Ind. 2015) ....................................................................... 3, 4

*Fid. & Deposit Co. v. Krebs Eng'rs*,
   859 F.2d 501 (7th Cir. 1988) ....................................................................................... 5

*Garr v. U.S. Healthcare*,
   22 F.3d 1274 (3d Cir. 1994) ........................................................................................ 7

*Gurary v. Nu-Tech Bio-Med, Inc.*,
   303 F.3d 212 (2d Cir. 2002) ................................................................................. 3-4, 5

*Hall v. Marriott Int'l, Inc.*,
   2022 WL 3718838, 2022 U.S. Dist. LEXIS 155625 (S.D. Cal. Aug. 29, 2022) ...................... 9

*Harter v. Iowa Grain Co.*,
   202 F.3d 273 (7th Cir. 1998) ....................................................................................... 9

*Hartmarx Corp. v. Abboud*,
   326 F.3d 862 (7th Cir. 2003) ....................................................................................... 1

*Honeywell Int'l Inc. Stockholder Litig.*,
   2024 WL 3487855, 2024 U.S. Dist. LEXIS 127616 (D. Del. July 19, 2024) ......................... 7

*Kay v. Ehrler,*
   499 U.S. 432 (1991) ................................................................................................ 5-6

*Lake v. Gates*,
   130 F.4th 1054 (9th Cir. 2025) .................................................................................... 7

*Lundin v. Mecham*,
   980 F.2d 1450 (D.C. Cir. 1992) .................................................................................... 5

*MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co.*,
   935 F.3d 573 (7th Cir. 2019) ........................................................................................ 2

*Morris v. Wachovia Sec., Inc.*,
   448 F.3d 268 (4th Cir. 2006) ........................................................................................ 3

*Pavelic & LeFlore v. Marvel Entm't Grp., Div. of Cadence Indus. Corp.*,
   493 U.S. 120 (1989) ..................................................................................................... 7

*Seb Inv. Mgmt. Ab v. Symantec Corp.*,
   2021 WL 1540996, 2021 U.S. Dist. LEXIS 77040 (N.D. Cal. Apr. 20, 2021) ........... 8

*Simon DeBartolo Grp., L.P. v. Richard E. Jacobs Grp., Inc.*,
   186 F.3d 157 (2d Cir. 1999) ..................................................................................... 2-3

*Thompson v. RelationServe Media, Inc.*,
   610 F.3d 628 (11th Cir. 2010) ...................................................................................... 2

*United States v. Ford*,
   798 F.3d 655 (7th Cir. 2015) ........................................................................................ 4

*United States v. McPherson*,
   840 F.2d 244 (4th Cir. 1988) ........................................................................................ 6

*Webb v. Bd. of Trs. of Ball State Univ.*,
   2001 U.S. Dist. LEXIS 6779 (S.D. Ind. Mar. 30, 2001) .............................................. 7

**STATUTES**

15 U.S.C. § 78u-4(c) ........................................................................................... *passim*

**RULES**

Fed. R. Civ. P. 11 .................................................................................................... 1
Fed. R. Civ. P. 41 .................................................................................................... 6
M.D. La. LR 11(a)(1) ............................................................................................. 7

**REGULATIONS**

17 C.F.R. § 229.1015 .............................................................................................. 1
17 C.F.R. § 240.14a-9 ............................................................................................. 1
17 C.F.R. § 244.100 ................................................................................................ 1

**OTHER AUTHORITIES**

Advisory Committee Notes to Rule 11, Notes Re. 1983 & 1993 Amendments ............ 9

**INTRODUCTION**

Monteverde & Associates PC ("Monteverde") adamantly disagrees that *any* sanctions are warranted. As explained in Monteverde's prior brief, the § 14(a) claims asserted in the House Complaint were "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). When the House Complaint was filed, the SEC often demanded the GAAP reconciliation sought therein under 17 C.F.R. § 244.100, and did not change its interpretation of the regulation until *after* the House Complaint was dismissed. Berg R. 136 at 9-11. And there are nonfrivolous arguments that the other two disclosures sought in the House Complaint (the specific amount of compensation J.P. Morgan received from Akorn and Fresenius for ongoing and prior services and the key inputs in J.P. Morgan's discounted cash flow analysis) were required by 17 C.F.R. § 229.1015 and to avoid misleading half-truths in violation of 17 C.F.R. § 240.14a-9. Berg R. 136 at 11-15; *cf. Hartmarx Corp. v. Abboud*, 326 F.3d 862, 869 (7th Cir. 2003) (reversing sanctions where party's argument was predicated on "guidance from the SEC" and new rules with limited interpretation). Moreover, ample authority exists under Delaware law (which applies the federal *TSC* materiality standard) requiring the amount of banker compensation to be disclosed in merger proxies. Berg R. 136 at 13-14 (citing *Art Technology*, *Del Monte Foods*, *Rodden*, and *Assad*). How could Monteverde have engaged in frivolous and sanctionable conduct by relying on federal and Delaware law to support the disclosure claims in the House Complaint?

Neither (i) disdain for Monteverde nor (ii) a desire to punish attorneys who follow what courts have described as the preferred method for resolving disclosure claims (*i.e.*, via corrective disclosures pre-vote rather than post-vote damages), are a sufficient basis to ignore the actual facts of this case and controlling law. This sanctions proceeding "should not be used as 'a battleground

1

for [a] satellite controvers[y]'" over mootness fees. *Cartwright v. Cooney*, 788 F. Supp. 2d 744, 755 (N.D. Ill. 2011). Monteverde recognizes there are critics of mootness fees, but the proper way to change the law is by legislation or by denying fee motions for immaterial disclosures. The proper response is ***not*** to disregard the well-established pleading and sanctions standards, under which no sanctions are warranted. *See MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co.*, 935 F.3d 573, 585 (7th Cir. 2019) ("It is one thing to lose on a point," and "another to urge something so ill-founded that it is sanctionable."); *Cf.* R. 136 at 1 (citing the *Comeaux* and *Chen* opinions ***awarding Monteverde fees for the same types of claims this Court is now deeming sanctionable)***.

The Court should deny further sanctions, revoke its *sua sponte* recharacterization of the 2019 disgorgement order as a formal sanction, and close this case. **Monteverde incorporates the arguments raised in its prior brief (**Berg R. 136), but, given the 10-page limitation, focuses this one on whether additional sanctions are warranted.

## ARGUMENT

### I.    The PSLRA Prohibits any Further Sanction Beyond the Fee Disgorgement

The Court asked for briefing on the propriety of further sanctions beyond disgorgement of the attorneys' fees Akorn paid to Plaintiffs' counsel, which were returned in 2019. Under the PSLRA, no further sanctions beyond an award to Defendants of their "reasonable attorneys' fees and other expenses incurred in the action" is permitted here. 15 U.S.C. § 78u-4(c)(3)(A)(ii).

### A.    The Presumption in Favor of an Award of Reasonable Attorneys' Fees and Costs to *Defendants* Being the *Sole* Sanction Applies

The PSLRA's plain text "**curtails a district court's discretion in fashioning the sanction**. It does so by erecting a rebuttable presumption that when any complaint 'substantial[ly]' fails to comply with Rule 11, the sanction is the defendant's [reasonable] attorneys' fees for the entire action." *Thompson v. RelationServe Media, Inc.*, 610 F.3d 628, 666 (11th Cir. 2010); *Simon*

2

*DeBartolo Grp., L.P. v. Richard E. Jacobs Grp., Inc.*, 186 F.3d 157, 167 (2d Cir. 1999) (PSLRA "reduce[s] courts' discretion in choosing…**how** to sanction a party once a violation is found."); *Morris v. Wachovia Sec., Inc.*, 448 F.3d 268, 276 (4th Cir. 2006) ("The Act guides the district court's selection of a sanction.'"); *City of Livonia Employees' Ret. Sys. v. Boeing Co.*, 306 F.R.D. 175, 179, 183 (N.D. Ill. 2014) (same, sanctioning the law firm, awarding defendants their reasonable fees and expenses, and encouraging mediation); *CMG Worldwide, Inc. v. Glaser*, 92 F. Supp. 3d 839, 846 (S.D. Ind. 2015) (same, ordering defendants to submit billing records).

Specifically, The PSLRA provides that the Court "**shall** adopt a presumption that ***the*** appropriate **sanction**—for substantial failure of any complaint to comply with" Rule 11(b) "***is*** an award to the ***opposing party*** of the reasonable attorneys' fees and other expenses incurred in the action." 15 U.S.C. § 78u-4(c)(3)(A). Congress's restriction on courts' discretion in fashioning a sanction is confirmed by its use of the word "shall", the definite article "the" before "appropriate sanction", and the singular use of "sanction" rather than "sanctions."

Courts only have discretion to order a different or additional sanction for a substantial Rule 11 violation under two scenarios. Specifically, the PSLRA provides that "the party or attorney against whom sanctions are to be imposed" may attempt to rebut the "presumption in favor of attorneys' fees and costs" being the exclusive sanction by proving that:

(i) the award of attorneys' fees and other expenses will impose an unreasonable burden on that party or attorney and would be unjust, and the failure to make such an award would not impose a greater burden on the party in whose favor sanctions are to be imposed; or

(ii) the violation of Rule 11(b) of the Federal Rules of Civil Procedure was de minimis.

15 U.S.C. § 78u-4(c)(3)(B).

Here, while Monteverde disagrees that there was any violation of Rule 11(b), the Court has already found that the violation of Rule 11(b) was substantial and not "de minimis." Berg R. 141 at 4; *see also Gurary v. Nu-Tech Bio-Med, Inc.*, 303 F.3d 212, 222-23 (2d Cir. 2002) (holding that

a "de minimis" violation requires at least "the presence of some nonfrivolous claims"). And, if the Court changes its view and finds that the House Complaint's purported violation of Rule 11(b) was de minimis, that strongly cuts against the imposition of any further sanctions beyond the one already ordered, *i.e.*, the disgorgement of the mootness fee. Indeed, there is no basis for imposing more severe and punitive sanctions for a de minimis violation of Rule 11.

Moreover, Monteverde presently does not believe "the award of [reasonable] attorneys' fees and other expenses" to Defendants, Akorn and its former directors, "will impose an unreasonable burden on" Monteverde and the other Plaintiffs' counsel here. The $322,500 mootness fee, which was undoubtedly Defendants' biggest expense incurred in the action, was already repaid. And no further fees and expenses to Defendants can be awarded, since they have waived or forfeited their right to any further relief. *See, e.g., United States v. Ford*, 798 F.3d 655, 660 (7th Cir. 2015) (waiver includes "a calculated choice to stay silent on a particular matter", and forfeiture exists where "a defendant negligently bypasses a valid argument"). Indeed, Defendants never once conveyed an intent to seek sanctions, even as litigation continued for two years after dismissal. And Defendants have remained silent since this action was remanded in May 2024.

The PSLRA plainly envisions the **participation of the defendants** that "incurred" attorneys' fees "in the action" because of the "substantial failure of any complaint to comply with any requirement of Rule 11(b)[.]" 15 U.S.C. § 78u-4(c)(3)(A)(ii). *See CMG Worldwide*, 92 F. Supp. 3d at 846 (imposing presumptive sanction of award of attorneys' fees, and ordering defendants to file submission with " "billing records establishing the fees and costs it has incurred in defending this case"); *Boca Raton Firefighters' & Police Pension Fund v. Devry Inc.*, No. 10 C 7031, 2014 U.S. Dist. LEXIS 63523, at *31-32 (N.D. Ill. May 8, 2014) (same). Put differently, while the statute does not require that defendants **ask** for the imposition of sanctions, it envisions defendants'

4

**participation** once a court has commenced its Rule 11 review. And, because Defendants have waived or forfeited their right to attorneys' fees and failed to provide necessary billing records, no sanction beyond the disgorgement of the mootness fee can be issued. *See, e.g.*, *Fid. & Deposit Co. v. Krebs Eng'rs*, 859 F.2d 501, 508 (7th Cir. 1988) ("To allow the district court to properly allocate the litigation expenses, [a party] must present evidence to support an allocation.").

### B. Frank Cannot be Awarded Reasonable Fees and Expenses Because he Cannot be Deemed "the Opposing Party" Under the PSLRA

Moreover, the PSLRA only provides for "an award to the opposing party", and uses that term in connection with describing the party opposing a sanctionable "complaint." 15 U.S.C. § 78u-4(c)(3)(A)(ii). Akorn and its directors are thus the only ones that qualify as the "opposing party" here, since they were the only ones that incurred any attorneys' fees and expenses in connection with the House Complaint. *See Gurary*, 303 F.3d at 220 (explaining the legislative history conveys Congress's desire "to make whole the victim of a Rule 11 violation", *i.e.*, Defendants). There is no basis to find that Frank falls within the meaning of "the opposing party" as used in §78u-4(c)(3)(A)(ii), since any fees and expenses he incurred were not caused by the House Complaint, but rather, by his own voluntary choice to interject himself into this litigation. *See A. Hirsh, Inc. v. United States*, 948 F.2d 1240, 1250 (Fed. Cir. 1991) (amicus's fees were not "incurred because of" opposing litigant's conduct since his "costs were caused instead by [his] own conduct in voluntarily becoming an amicus."). Moreover, "[t]he natural reading of the statute is that only 'parties,' as the term is used in its technical legal sense, may recover fees under the statute." *Lundin v. Mecham*, 980 F.2d 1450, 1461 (D.C. Cir. 1992) (discussing the EAJA).

Frank has also presumably not actually "**incurred**" any "**reasonable**" attorneys' fees and expense here, 15 U.S.C. § 78u-4(c)(3)(A)(ii), since he has been represented by the non-profit he founded and directs and proceeded *pro se* on appeal. *See Kay v. Ehrler,* 499 U.S. 432, 437

5

(1991) (holding that a pro se attorney is not eligible to be reimbursed under EAJA); *United States v. McPherson*, 840 F.2d 244, 244-45 (4th Cir. 1988) (pro se attorney not entitled to fees under a statute that "restricts the allowance of attorney's fees to those actually 'paid or incurred.'").

There is no sound legal basis to allow Frank to reap a windfall from the plaintiffs' lawyers here, given that he suffered no actual financial loss or impairment of any other right in connection with the filing and Rule 41(a)(1)(A) dismissal of the House Complaint. It would be wholly unreasonable to permit a nonparty who voluntarily injected himself into this case and suffered no loss to obtain thousands of dollars in attorney's fees.[2]

In sum, the PSLRA commands that there is only one permissible sanction here: An award to Defendants of their reasonable attorneys' fees and expenses incurred in the action. The Court has already awarded Defendants their most significant expense—the $322,500 fee they agreed to pay—and Defendants have waived their right to any further fees and expenses. The Court lacks discretion to impose any further sanctions. And nothing in the Seventh Circuit's opinion instructs or permits this Court to ignore the PSLRA's plain text and structure. The Court noted that "the proceedings" on remand are **controlled by § 78u-4(c)(1),** and that Rule 11 only applies "derivatively." *Alcarez v. Akorn, Inc.*, 99 F.4th 368, 377 (7th Cir. 2024). And while dictum references the discretion afforded by Rule 11(c)(4), *id.*, under the PSLRA's controlling text **that discretion cannot be invoked unless** the "attorney against whom sanctions are to be imposed meets its burden" to rebut the presumption in favor of the exclusive sanction being an award to defendants of their reasonable attorneys' fees and expenses. 15 U.S.C. § 78u-4(c)(3)(C). Thus, the Court should enter an order that no further sanctions are warranted and close this case.

---

[2] If the Court disagrees, due process mandates that Monteverde be apprised of the amount of any "award of attorneys' fees and other expenses" Frank may seek before determining whether the imposition of any further fees and expenses will "impose an unreasonable burden". 15 U.S.C. § 78u-4(c)(3)(B)(i).

## II. No Further Sanctions Against Monteverde Are Warranted

Even if the Court disregards the PSLRA's restriction on its discretion in fashioning any further sanctions, there is no basis for further sanctions against Monteverde.

### A. There is no Basis to Further Sanction Monteverde, Which Was not "Signing" Counsel

The PSLRA limits the sanctions inquiry here to the House Complaint. 15 U.S.C. § 78u-4(c); *Honeywell Int'l Inc. Stockholder Litig.*, 2024 U.S. Dist. LEXIS 127616, *3 (D. Del. July 19, 2024). And Frank has made clear that this proceeding is not actually about the merits of the House Complaint, but rather, about the purported "problem" of mootness fees generally. R. 129 at 11, 25.

Specifically, while "the purpose of Rule 11 as a whole is to bring home to the individual signer his personal, nondelegable responsibility[,]" *Pavelic & LeFlore v. Marvel Entm't Grp., Div. of Cadence Indus. Corp.*, 493 U.S. 120, 126 (1989),³ Frank has waived sanctions against the only firm that signed and filed the House Complaint (Kahn Swick & Foti, LLC), and instead seeks sanctions against Monteverde, which was listed as "of counsel". Contrary to Frank's assertion, there is no "local counsel" exception to Rule 11. *Webb v. Bd. of Trs. of Ball State Univ.*, 2001 U.S. Dist. LEXIS 6779, *55 (S.D. Ind. Mar. 30, 2001). And Frank does not cite any authority in support of his assertion that listing an unadmitted attorney's name as "of counsel" constitutes a signature, which it does not. *See* M.D. La. LR 11(a)(1) (admitted attorney must sign pleading). The fact that Monteverde was "of counsel" on the House Complaint further cuts against imposing sanctions. *See Lake v. Gates*, 130 F.4th 1054 (9th Cir. 2025) (declining to hold "of counsel" attorney liable for sanctions because it "poses a question of first impression").

---

³ *See also Garr v. U.S. Healthcare*, 22 F.3d 1274, 1278 (3d Cir. 1994) ("The signer's signature on a pleading, motion, or other paper certifies the signer has done three things: (1) read the pleading, motion, or paper; (2) made a reasonable inquiry into the contents of the pleading, motion, or other paper and concluded that it is well grounded in fact and warranted in law; and (3) has not acted in bad faith in signing[.]").

7

In sum, Frank has asked for sanctions against "signing" counsel, which Monteverde was not. Frank has also waived sanctions against the attorney that signed and filed the House Complaint, and there is no basis for any further sanctions against Monteverde here.

**B. The Additional Sanctions Frank Seeks are Unprecedented and Unwarranted**

The Court indicated it is inclined to grant additional sanctions Frank suggested, which Monteverde now addresses. Frank's proposals are unprecedented and overbroad. Monteverde preserves its primary argument that no sanctions are warranted, but also offers proposals for narrowing or tailoring Frank's suggested sanctions given the Court's prior order.

**1. Requiring all signing Plaintiffs' counsel and their firms to disclose and cite the finding, along with the *Alcarez* opinion, in any future lawsuits or demand letters concerning corporate merger transactions, including tender offers.**

As noted above, Monteverde was not "signing" counsel. Moreover, if the Court elects to grant this request, the disclosure requirement should be limited to one year in duration and should only apply to the specific type of lawsuits Frank finds objectionable, *i.e.*, those seeking supplemental disclosures prior to a shareholder vote rather than money for shareholders after a transaction closes. In its nine-year history, Monteverde has recovered over $100 million dollars for shareholders in cases concerning mergers, and its future clients' claims for damages should not be tainted by this proposed scarlet letter sanction in such cases. Thus, to the extent the Court is inclined to grant this sanction, it should be limited to a one year requirement to "disclose and cite the finding in any future lawsuits [not demand letters] concerning corporate merger transactions, including tender offers, that seek supplemental disclosures prior to a shareholder vote." There is also no basis to mandate disclosure in connection with pre-suit demands. Indeed, the case Frank relies upon required disclosure to courts in actual cases, not to adversaries in pre-suit demands. *Seb Inv. Mgmt. Ab v. Symantec Corp.*, 2021 U.S. Dist. LEXIS 77040, *7 (N.D. Cal. Apr. 20, 2021).

8

**2. Requiring counsel to disclose retention agreements with the Plaintiffs.**

While no further sanctions against Monteverde are permitted here for the reasons stated above, if the Court disagrees Monteverde has no problem disclosing its retention agreement with Mr. House if so ordered.

**3. Requiring counsel to disclose all purported mootness fees extracted by them in similar suits and demand letters, which will allow courts, academics, and lawmakers to evaluate the scope of the problem.**

Neither the PSLRA nor Rule 11 provides a license for courts to mandate disclosure of confidential fees reached in connection with **other cases** or pre-suit demands, and Frank cites no authority for this unprecedented and unwarranted request. The plain text of the PSLRA mandates that the sanctions inquiry be exclusively focused on and limited to the House Complaint filed in this action, not on fees paid in other actions. *See* 15 U.S.C. § 78u-4(c)(3)(A)(ii).

Frank's request amounts to an improper attempt to obtain discovery related to numerous other cases and prelitigation demands, which Frank asserts "will allow courts, academics, and lawmakers to evaluate the scope of the problem and whether reforms should be enacted to curb the conduct." R. 129 at 25. There is no basis for using a PSLRA or Rule 11 sanction as a vehicle for such investigation. Indeed, the Advisory Committee Notes to Rule 11 make clear that sanctions motions "should **not** be employed as a discovery device", and that "the court must to the extent possible limit the scope of sanction proceedings to the record. Thus, discovery should be conducted only by leave of the court, and then only in extraordinary circumstances." Notes Re. 1983 & 1993 Amendments; *Harter v. Iowa Grain Co.*, 202 F.3d 273, at *9 (7th Cir. 1998); *In re Cent. ICE CREAM Co.*, 1986 U.S. Dist. LEXIS 17420, at *17 (N.D. Ill. Nov. 20, 1986) (same); *Hall v. Marriott Int'l, Inc.*, 2022 U.S. Dist. LEXIS 155625 (S.D. Cal. Aug. 29, 2022) (same).

Moreover, "courts, academics, and lawmakers" are already well aware of attorneys' fees being awarded and paid for nonmonetary benefits like improved disclosures. Indeed, **Monteverde**

9

**has moved for and been awarded such fees *by courts* in similar cases**. R. 136 at 1 (citing the *Comeaux* and *Chen* fee award opinions); *see also Assad v. Botha*, No. 2022-0691-LWW, 2023 Del. Ch. LEXIS 462 (Del. Ch. Oct. 30, 2023) (awarding mootness fee for disclosure of banker's specific compensation, like the House Complaint sought). And Frank's prior brief cites numerous academic papers and articles that thoroughly detail the "problem" of "mootness fees." R. 129. If lawmakers wish to prohibit attorney's fees for non-monetary common benefits, they know how to do so. There is absolutely no need for this unprecedented sanction, which would require Monteverde to disclose fee payments that corporate defendants demanded be kept confidential.

If the Court is nevertheless inclined to grant this sanction, it should permit Monteverde to disclose solely the aggregate number and amount of mootness fees it has received over the past year. That is more than sufficient to allow evaluation of the scope of fees corporations have recently agreed to pay, without requiring the disclosure of confidential corporate information regarding payments made by specific companies. Alternatively, the Court could require Plaintiffs' counsel to disclose any mootness fees obtained in future cases via a filing on the docket. That would also give courts, academics, and lawmakers insight into the scope of fees corporations are agreeing to pay.

   **4. Imposing monetary penalties.**

The only permissible sanction is an award of reasonable attorneys' fees and expenses to Defendants. *Supra*. The Court already awarded Defendants their biggest expense (reimbursement of the $322,500 mootness fee), and Defendants have waived their right to seek anything further. Frank is not entitled to any fees or expenses, and no further monetary penalties are permitted.

## CONCLUSION

The Court should deny further sanctions, revoke its *sua sponte* recharacterization of the 2019 disgorgement order as a formal sanction, and close this case.

10

| | |
|---|---|
| Dated: April 21, 2025 | Respectfully Submitted,<br><br>**MONTEVERDE & ASSOCIATES PC**<br><br><u>/s/ David E. Bower</u><br>David E. Bower (*pro hac vice* granted)<br>600 Corporate Pointe, Suite 1170<br>Culver City, CA 90230<br>Tel: (213) 446-6652<br>Fax: (212) 202-7880<br>dbower@monteverdelaw.com<br><br>*Counsel for Monteverde & Associates PC* |

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing was served via the Court's ECF System on counsel for Mr. Frank (who has appeared in the *Berg* action) and via email to the following attorneys:

| | |
|---|---|
| Elizabeth K. Tripodi<br>Donald J. Enright<br>Levi & Korsinsky, LLP<br>denright@zlk.com<br>etripodi@zlk.com<br><br>*Attorneys for Plaintiff Alcarez* | James M. Wilson, Jr.<br>Nadeem Faruqi<br>Faruqi & Faruqi, LLP<br>jwilson@faruqilaw.com<br>nfaruqi@faruqilaw.com<br><br>*Attorneys for Plaintiff Harris* |

Brian D. Long
Long Law LLC
BDLong@longlawde.com

Gina M. Serra
gms@rl-legal.com

Richard A Maniskas
RM Law PC
rmaniskas@rmclasslaw.com

*Attorneys for Plaintiff Berg*

Dated: April 21, 2025  /s/ *David E. Bower*
  David E. Bower